```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

```
CARL and TRACEY WHITEHEAD,        )
Individually, and as Parents and  )
Natural Guardian of Minor         )
Daughter, Carlena Whitehead,      )
                                  )
     Plaintiffs,                  )    No. 08-2466-P
                                  )
v.                                )
                                  )
THOMAS F. BOULDEN, M.D.,          )
UT MEDICAL GROUP, INC., and       )
METHODIST HEALTHCARE - MEMPHIS    )
HOSPITALS,                        )
                                  )
     Defendants.                  )
```
_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT METHODIST HEALTHCARE - MEMPHIS HOSPITALS' MOTION TO DISMISS**
_____

Before the court is defendant Methodist Healthcare - Memphis Hospitals' ("Methodist") Motion to Dismiss Plaintiffs' Second Amended Complaint, filed on November 14, 2008. (D.E. 36.) Plaintiffs Carl and Tracey Whitehead responded in opposition to the motion to dismiss on December 15, 2008. Methodist filed a reply in further support of the motion on December 22, 2008. For the reasons below, the motion to dismiss is GRANTED in part and DENIED in part.

I. BACKGROUND

As alleged in the Second Amended Complaint, on February 20, 2008, Carlena Whitehead, age eleven, was admitted to Le Bonheur

Children's Medical Center (one of Methodist's hospitals) with a blood clot in her leg.  On April 8, 2008, Carlena underwent an ultrasound examination.  Defendant Thomas F. Boulden, M.D., analyzed the ultrasound results.  The parties agree that Dr. Boulden was acting as an agent of defendant UT Medical Group, Inc. at the time.  Plaintiffs contend that Dr. Boulden was also acting as an agent of Methodist.  Methodist contends that Dr. Boulden was acting as an independent contractor, not as its agent.

Plaintiffs Carl and Tracey Whitehead, the parents of Carlena, subsequently sought a complete set of Carlena's medical records from Methodist.  According to the plaintiffs, Methodist produced some, but not all, of Carlena's medical records in response to their request.  The Whiteheads claim that they have repeatedly submitted oral and written requests for the complete medical records, and that Methodist has willfully refused to provide certain records relating to the events in question.

On July 21, 2008, the Whiteheads filed this lawsuit against Dr. Boulden, UT Medical Group, Inc., and Methodist Le Bonheur Healthcare.  On November 10, 2008, the Whiteheads filed their Second Amended Complaint against Dr. Boulden, UT Medical Group, Inc., and Methodist Healthcare - Memphis Hospitals.  In the complaint, the Whiteheads allege that Dr. Boulden committed medical malpractice by misreading the ultrasound results.  The Whiteheads further assert that Methodist violated the Tennessee

Medical Records Act, Tenn. Code Ann. § 68-11-301, et seq. ("MRA"), by failing to provide the Whiteheads with Carlena's complete medical records without unreasonable delay.  The Whiteheads allege that they have suffered actual damages as a result of Methodist's actions.  They further contend that Methodist has acted in a willful, reckless, and wanton manner in violation of the MRA, and seek punitive damages.  On November 14, 2008, Methodist filed the motion presently before the court, in which it denied any violation of the MRA and moved to dismiss the claims against it.

## II.  ANALYSIS

### A.  Motion to Dismiss Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  To determine whether a motion to dismiss should be granted, the court must examine the complaint.  The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and it must provide the defendant with fair notice of what the claim is and the grounds upon which it rests.  Erickson v. Pardus, 551 U.S. 89, 93 (2007).  A complaint need not present detailed factual allegations, but it must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The factual allegations in a

complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In reviewing the complaint, the court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 502 (6th Cir. 2007). A well-pleaded complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556.

**B.   Actual Damages Under the Tennessee Medical Records Act**

The MRA states in part that "a hospital shall furnish to a patient or patient's authorized representative such part or parts of the patient's hospital records without unreasonable delay upon request in writing by the patient or the representative." Tenn. Code Ann. § 68-11-304(a)(1). For violations of the MRA, "[n]o hospital . . . shall be civilly liable for violation of this part, except to the extent of liability for actual damages in a civil action for willful or reckless or wanton acts or omissions constituting such violation." § 68-11-311(b). In Tennessee, patients have a private right of action for violations of the MRA.

-4-

Pratt v. Smart Corp., 968 S.W.2d 868, 872-73 (Tenn. Ct. App. 1998).

The Whiteheads maintain that Methodist violated this provision of the MRA by refusing to timely provide Carlena's complete medical records. Methodist responds that the Second Amended Complaint contains only conclusory allegations that are insufficient to state a claim for actual damages under the MRA. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a cause of action. Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The present complaint, however, contains more than conclusory allegations. Specifically, the Whiteheads allege that (1) they have made repeated requests for complete medical records; (2) Methodist has provided some, but not all, of the requested records; (3) certain documents related to the events in question have not been produced; (4) Methodist has purposefully refused to provide these documents; and (5) Methodist has attempted to conceal acts of medical malpractice. The court finds that these factual allegations are sufficient to state a claim under Tenn. Code Ann. § 68-11-304.

Methodist further argues that the complaint does not sufficiently allege that Methodist committed willful, reckless, or wanton acts or omissions as required to violate Tennessee Code Annotated § 68-11-311. The court disagrees. The complaint

-5-

alleges that Methodist purposely refused to provide the requested documents in order to conceal acts of medical malpractice. Purposely refusing to produce medical records, as alleged in the complaint, constitutes willful conduct. As such, the complaint sufficiently alleges that Methodist committed willful, reckless, or wanton acts or omissions.

Construing the complaint in the light most favorable to the plaintiffs and accepting all factual allegations as true, the court concludes that the complaint contains sufficient facts to state a claim. Therefore, Methodist's motion to dismiss the claim for actual damages under the MRA is DENIED.

**C.  Punitive Damages Under the Tennessee Medical Records Act**

Paragraphs 24 and 25 of the Second Amended Complaint allege that Methodist's refusal to provide a complete set of medical records amounts to intentional, fraudulent, malicious, and reckless conduct, and thus punitive damages should be awarded. However, as discussed above, the MRA provides that "[n]o hospital . . . shall be civilly liable for violation of this part, except to the extent of liability for *actual* damages in a civil action for willful or reckless or wanton acts or omissions constituting such violation." Tenn. Code Ann. § 68-11-311(b) (emphasis added). Actual damages include "compensation or damages for an injury as follows from the nature and character of the acts" and include "all damages except exemplary or punitive damages." 25 C.J.S.

-6-

Damages § 3 (West 2009). The plain language of § 68-11-311(b) bars any recovery beyond actual damages for violations of the MRA, and thus plaintiffs are not entitled to recover punitive damages for violations of the MRA as a matter of law. See Taff v. Media General Broadcast Servs., Inc., Shelby Equity No. 32, 1986 WL 12240, at *6 (Tenn. Ct. App. Nov. 3, 1986) (explaining that "the definition of 'damages' and 'actual damages' certainly excludes punitive damages" and that "if the Legislature intended to provide for some form of punishment the act would have done so specifically"); see also Beach v. Ingram & Associates, Inc., 927 F. Supp. 255, 259 (M. D. Tenn. 1996) (dismissing claim for punitive damages and explaining that "[i]f the General Assembly had intended for punitive damages to be available for all claims under the THRA, then it could have and should have said so; the statute at issue provides for the recovery of actual damages and . . . as the Tennessee Court of Appeals has found, 'actual damages' includes all damages *except* exemplary or punitive damages") (emphasis in original); Gifford v. Premier Mfg. Corp., Shelby Equity No. 18, 1989 WL 85752, at *6 (Tenn. Ct. App. 1989) (finding that trial court erred in denying a Rule 12 motion to dismiss punitive damages claim, as the statute at issue did not provide for recovery of punitive damages).

Methodist's motion to dismiss the claim for punitive damages for violations of the MRA is GRANTED.

### III. CONCLUSION

For the reasons above, the motion to dismiss is GRANTED as it pertains to claims for punitive damages under the MRA and DENIED as it pertains to claims for actual damages under the MRA.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 29, 2009
Date
